ALICE M. BATCHELDER, Chief Judge,
dissenting.
The majority asserts that Cowan’s trial counsel “should have interviewed witnesses who could have testified to her whereabouts at the time of the controlled buy,”[1] and holds that her “failure-to-interview claim is anything but frivolous.” I must respectfully disagree. Her claim is frivolous.
The prosecutor charged Cowan with four counts: possession with intent to deliver more than 650 grams of cocaine, possession with intent to deliver marijuana, and two counts of felony firearm possession. The case was tried to a jury and the prosecutor’s theory was that, while Cowan herself may not have been an active “drug dealer,” the Appoline house was a “stash house” for another drug dealer and Cowan was a participant inasmuch as she had possession of (dominion and control over) the contraband — it was in her house, she knew it was there, and she acquiesced. The prosecutor played the video of her interview for the jury, in which she stated that she had dominion and control over the house, the locked rooms, and everything therein. Officers testified to finding Co-wan’s belongings and mail in the house, further demonstrating that it was her house. Officers also testified about the appearance and location of the contraband, which demonstrated that she must have known what it was, that it was there in her *822 house, and that it was being packaged for distribution. The prosecutor established that Cowan lived in the house at least sometimes (e.g., on the night of the raid), but had not notified the police or taken any measures to remove or destroy the contraband.
The fact that she was not present at the time of the controlled buy is not relevant to her conviction. The prosecutor announced this prior to trial, during a preliminary hearing, stating: “But we don’t have to prove that she specifically handed cocaine to an individual on a specific instance in order for her to be found to.... ” Whereupon the trial court interrupted: “I’m satisfied she has dominion and control over the house to the exclusion of Rory whatever his name is, because there’s no demonstration he had any right to the property except as a guest.” And, at trial, the prosecutor was very clear in her closing argument:
You are also going to hear that anybody who helps another in possessing with the intent to distribute is just as guilty as the person who distributes it. So the defense may say we — you don’t have any evidence that this defendant delivered narcotics, and you know what? We don’t have any evidence that this defendant delivered narcotics, but this defendant is not charged with delivering narcotics. This defendant is charged with the intent to distribute or knowing somebody else is going to distribute the narcotics.
Let’s talk about why you know that this defendant knew that those drugs were in her house, that she had absolute right and control over the entire house[.]
Suppose defense counsel had produced witnesses — very persuasive witnesses — to testify that Cowan was not present during the controlled buy. That would not have changed the outcome of her trial, inasmuch as that was not an aspect of the crime for which she was charged. Consequently, her claim is frivolous and there is simply no basis for the majority’s stay and abeyance.
I must respectfully dissent.

. Cowan states this claim in her habeas petition as: "Interview of witnesses would have supported Petitioner’s defense that she was not present during the [d]rug transaction.”